UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DARRYL POWLUS AND JOHN NOVAJOSKY,

                        Plaintiffs,                         09 Civ. 10461 (PKC)

            -against-

                                                            MEMORANDUM
                                                            AND ORDER

CHELSEY DIRECT, LLC, HANOVER DIRECT,
INC., SCANDIA DOWN, LLC, SCANDIA
DOWN ONLINE LLC, and SCANDIA DOWN
CORPORATION,

                        Defendants.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

            Plaintiffs Darryl Powlus and John Novajosky bring this action under the

Copyright Act, 17 U.S.C. §§ 105-106, 501, asserting claims of direct and contributory copyright

infringement against Hanover Direct, Inc., Scandia Down, LLC, Scandia Down Online LLC, and

Scandia Down Corporation.[1]  They allege that failure to satisfy an oral condition precedent

prevented defendants from obtaining a valid license to plaintiff's photographs, which were used

in defendants' marketing campaign.  Defendants make their second summary judgment motion

pursuant to Rule 56, Fed. R. Civ. P.  Familiarity with this Court's Memorandum and Order in

Powlus v. Chelsey Direct, LLC, 2011 WL 5244820 (S.D.N.Y. November 1, 2011), is assumed.

For the reasons discussed below, defendants' motion for summary judgment is denied.

BACKGROUND

            In June 2009, the defendants asked Darryl Powlus to organize a photoshoot to

---

[1] Chelsey Direct, LLC was dismissed from this action on January 18, 2010. (Docket # 44)

create promotional photographs for defendants' Scandia Down products.  (Am. Compl. ¶¶ 14, 16, 19.)  As the art director, Powlus was responsible for hiring a photographer as well as models, stylists, and makeup artists.  (Am. Compl. ¶¶ 15-16.)  Powlus hired John Novajosky, with whom he had a personal relationship, to take photographs, which, if acceptable to the defendants, would be licensed to them by Powlus and Novajosky in exchange for a fee to be agreed upon.  (Am. Compl. ¶¶ 14, 16.)

On August 5, 2009, Novajosky and Scandia Down signed an agreement which was titled "Photography Release" (the "Agreement").  Under the Agreement, Novajosky granted defendants the right to use the photographs for a thirty-six month term in exchange for a license fee.  (Am. Compl. ¶ 21.)  For the purposes of this motion only, both parties admit that there was an oral condition precedent to this agreement which required the defendants to pay Novajosky's fee in full before they were permitted to use the photographs.  (Def.'s Mem. at 1.)  Defendants assert that Powlus was acting both as their agent and as Novajosky's agent, without disclosing his dual agency, when he negotiated the condition precedent.

It is undisputed that plaintiffs own and have registered copyrights with the United States Patent and Trademark Office for the twenty-six photographs at issue in this lawsuit.  (Am. Compl. ¶ 38.)  It is also undisputed that defendants published those photos in their 2009/2010 marketing campaigns.  (Id.)  Defendants assert that plaintiffs did not satisfy the Copyright Act's publication requirement prior to Scandia's use of the photographs and therefore cannot recover statutory damages or attorneys' fees.  See 17 U.S.C § 412.

By Memorandum and Order, this Court denied the defendants' motion to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim under Rule 12, Fed. R. Civ. P.  Powlus v. Chelsey Direct, LLC, 2011 WL 135822 (S.D.N.Y. January 10, 2011).

2

Defendants' motion for summary judgment on all claims was denied by Memorandum and Order filed November 1, 2011.  Powlus v. Chelsey Direct, LLC, 2011 WL 5244820  (S.D.N.Y. November 1, 2011).  The defendants now move for summary judgment that the oral condition precedent is voidable because of Powlus's dual agency and that plaintiffs' failure to publish bars statutory damages and an award of attorneys' fees.

DISCUSSION

     I.     <u>Summary Judgment Standard</u>

          Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56.  It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of his claim or defense, sufficient to demonstrate that he or she is entitled to relief as a matter of law.  <u>Vt. Teddy Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241, 244 (2d Cir. 2004).  In raising a triable issue of fact, the non-movant carries only "a limited burden of production," but nevertheless "must 'demonstrate more than some metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that there is a genuine issue for trial.'"  <u>Powell v. Nat'l Bd. of Med. Exam'rs</u>, 364 F.3d 79, 84 (2d Cir. 2004) (quoting <u>Aslanidis v. U.S. Lines, Inc.</u>, 7 F.3d 1067, 1072 (2d Cir. 1993)).

          A fact is material if it "might affect the outcome of the suit under the governing law," meaning that "the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The Court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact

could find in favor of the nonmoving party.  Costello v. City of Burlington, 632 F.3d 41, 45 (2d Cir. 2011); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–88 (1986).  In reviewing a motion for summary judgment, the court may scrutinize the record, and grant or deny summary judgment as the record warrants.  Fed. R. Civ. P. 56(c)(3).  In the absence of any disputed material fact, summary judgment is appropriate.  Fed. R. Civ. P. 56(a).

"A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory or based on speculation."  Major League Baseball Properties, Inc. v. Salvino, Inc., 542 F.3d 290, 310 (2d Cir. 2008) (internal citation omitted); see also Anderson, 477 U.S. at 249–50 (summary judgment may be granted if the opposing evidence is "merely colorable" or "not significantly probative") (citations omitted).  An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions."  Contemporary Mission, Inc. v. U.S. Postal Serv., 648 F.2d 97, 107 n. 14 (2d Cir. 1981) (quotation marks omitted).

Local Civil Rule 56.1 of this District requires a summary judgment movant to submit a statement with numbered paragraphs setting forth "the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civil Rule 56.1(a).  "Each numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."  Local Civil Rule 56.1(c).  "Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as

required by Fed. R. Civ. P. 56(c)."  Local Civil Rule 56.1(d).  "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence."  Fed. R. Civ. P. 56(c).  "'Therefore, only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.'"  <u>Presbyterian Church Of Sudan v. Talisman Energy, Inc.</u>, 582 F.3d 244, 264 (2d Cir. 2009) (quoting <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55, 66 (2d Cir. 1997)).

     II.   <u>Dual Agency</u>

An agent may not "act for a party whose interests are adverse to those of the principal, unless he has the consent of the principal given after full knowledge of the facts." <u>Goldsten v. Dep't of State, Div. Of Lic. Servs.</u>, 533 N.Y.S.2d 1002, 1003 (N.Y. App. Div. 1988). An agent may serve two principals on the same transaction only if the principals consent after being fully informed of the dual agency.  "If dual interests are to be served, the disclosure to be effective must lay bare the truth without ambiguity or reservation."  <u>Hasbrouk v. Rymkevitch</u>, 269 N.Y.S.2d 604, 607 (N.Y. App. Div. 1966).

The parties agree that Powlus was acting as defendants' agent when he told Novajoksy that his fee would be paid in full before any of the photographs were used.  (Def.'s Mem. at 8.)  However, there is a disputed issue of material fact as to whether Powlus acted as Novajosky's agent when he conveyed Novajosky's requirement that he be paid in full to Tyler Jones, Scandia's General Manager and Executive Vice President.  The parties also dispute whether Powlus disclosed his personal relationship with Novajosky to the defendants.  For these reasons, summary judgment is denied.

III.    <u>Statutory Damages and Attorneys' Fees</u>

      A copyright plaintiff may not recover statutory damages or attorneys' fees for "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work."  17 U.S.C § 412.  The Copyright Act describes publication as:

> "the distribution of copies . . . of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending.  The offering to distribute copies . . . to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication. A public performance or display of a work does not of itself constitute publication."

17 U.S.C. § 101.

      Plaintiffs' twenty-six copyright registrations all issued between November 16, 2009 and December 21, 2009.  All but two of these registrations list August 24, 2009 as the date of first publication.  The other two list December 1, 2009 and December 7, 2009.  Defendants claim that the plaintiffs never published the photographs and are therefore barred from statutory damages or recovering attorneys' fees for infringements prior to the effective date of registration. The defendants assert that their own display of the photographs in their showroom and on their website does not constitute publication if the failure to comply with the oral condition precedent prevented the Photography Release from going into effect.

      Under this version of the facts, a publication by licensing did not occur and the defendants' public display of the photographs is insufficient to constitute publication.  However, the plaintiffs' offering to distribute, and actually distribution of, the photographs to the

defendants for the purposes of further distribution is sufficient to constitute publication.  The

plaintiffs are not barred from recovering statutory damages or attorneys' fees for infringements

that occurred after first publication and before effective dates of registration that are within three

months of first publication.  Summary judgment is denied.

CONCLUSION

    For the reasons stated above, the defendant's motion for summary judgment

(Docket # 52) is DENIED.  Final pre-trial submissions consisting of requests to charge, voir dire

requests, fully submitted in limine motions and a Joint Pre-trial Order are due July 13, 2012.  The

Final Pre-trial Conference will be July 30, 2012 at 2 p.m.


    SO ORDERED.

                                        P. Kevin Castel
                                        United States District Judge

Dated: New York, New York
       June 12, 2012


7